UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

P.J. Stevens,

        Plaintiff,

  vs.                                             REPORT AND RECOMMENDATION

Debra J. Braselton,

        Defendant.                              Civ. No. 07-626 (RHK/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Chief Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff P.J. Stevens ("Stevens") for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2.

The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

## II.  Factual and Procedural Background

The Complaint in this case is a one-half page document, which bears no heading or caption other than "To Whom It May Concern."  The pleading itself, repeated verbatim, and in its entirety, reads as follows:

> I P.J. Stevens would like to present a case on my daughter Alexandra Maryanna Dunphy behalf.  I stated time before that I would not and, had not giving prenatal right to my daughter Alexandra Maryanna Dunphy and, or anyone for my daughter to leave the state of Minnesota.  I received a document today January 25 2007 from Cook County Department, Adoption Division
>
> Well as the past documents of perjury and untrue statements that this case is base on in this adoption case.
>
> Not once had I P.J. Stevens given any personal informant ion [sic] to Debra J. Braselton, nor permission to state any information in the case of my daughter Alexandra Maryanna Dunphy behalf.
>
> Ms. Braselton not only is a conspirator to kidnapping has also had violated my personal rights.
>
> A copy of the document :REQUEST FOR ADMISSION OF FASTS: [sic]

Complaint, Docket No. 1.

The Plaintiff's Complaint is accompanied by a copy of a three (3) page document entitled "Request For Admission Of Facts," which appears to be a discovery demand

- 2 -

in a State Court action in the "Adoption Division" of the Circuit Court of Cook County, Illinois.

The purported facts, which are listed in the "Request For Admission of Facts," suggest that the Plaintiff may be involved in some type of paternity/adoption dispute involving a child, who was born in February of 2006. However, the document filed with the Complaint adds no meaningful information about the nature and purpose of the Plaintiff's current lawsuit. Neither the Complaint, nor the document filed with it, explains the factual or legal basis for this action, or the relief that the Plaintiff is seeking.

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief may be granted. Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress

against the named defendants, based on some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

As an initial matter, the Plaintiff has not satisfied even the most fundamental pleading requirement for a Civil Complaint, as prescribed by Rules 8 through 11, Federal Rules of Civil Procedure. The Plaintiff's current Complaint is defective because: 1) it does not include any caption, as required by Rule 10(a); 2) it does not state any basis for Federal Subject Matter Jurisdiction, as required by Rule 8(a); 3) it does not set forth the factual, as well as the legal bases for the Plaintiff's claims -- simply and concisely -- and in separately numbered paragraphs, as required by Rules 8(a), 8(e), and 10(b); and 4) it does not describe the relief that the Plaintiff is seeking, as required by Rule 8(a).

In addition, the Plaintiff has not adequately described either the factual or the legal grounds on which his lawsuit is based. To state an actionable claim for relief, a Complaint must allege a set of historical facts, which if proven true, would entitle

the plaintiff to some legal redress against the named defendant, based on some settled legal principle or doctrine. See, <u>Martin v. Aubuchon</u>, supra at 1286.

The present Complaint does not describe any historical facts, nor does it identify any legal basis for the Plaintiff's claims against the apparent Defendant.[1] The Plaintiff has not described any specific acts or omissions by the Defendant which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendant. Nor has the Plaintiff identified any statute, or any legal doctrine, principle or theory, on which his lawsuit is based.[2] We recognize that the Plaintiff appears to be raising some form of objection to a paternity/adoption proceeding in an Illinois State Court proceeding, but again, he has not adequately explained the historical background of his action, and he has not identified any legal basis to allow this action to proceed. Moreover, the Plaintiff has not even explained what relief he hopes to be awarded by this action.

---

[1] We assume that Debra J. Braselton ("Braselton") is the Defendant in this action, based on the civil cover sheet, and the IFP application that accompanied the Complaint. However, the Complaint itself does not identify any Defendant in this action. We note that the document attached to the Complaint provides that Braselton is an Illinois attorney who, apparently, has some involvement in the Cook County paternity/adoption case.

[2] We note that the Plaintiff alleges that the apparent Defendant is a "conspirator to kidnapping." <u>Complaint</u>, at ¶4.

Thus, the Plaintiff's Complaint clearly fails to state any legally cognizable cause of action. Accordingly, we find that the Plaintiff's Complaint fails to state a claim on which relief can be granted. Since the Plaintiff has not pled an actionable claim, we recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).


Dated: February 5, 2007              *s/Raymond L. Erickson*
                                     Raymond L. Erickson
                                     CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 23, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 23, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.